IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTIN A. URENA, | ) | |
| Plaintiff(s), | ) | No. C 10-0837 CRB (PR) |
| vs. | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| SEAN PRICHARD, et al., | ) ) | |
| Defendant(s). | ) ) | |

Plaintiff, a prisoner at the Santa Clara County Jail, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that he was wrongfully detained for 568 days on charges the prosecutor never should have brought and eventually dismissed. Plaintiff apparently is now in custody on different charges.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

In order to state a claim under § 1983 for wrongful detention, a plaintiff ordinarily must establish that he was wrongfully arrested.  See Baker v. McCollan, 443 U.S. 137, 142-145 (1979) (absent lack of probable cause to arrest, claim for wrongful detention states no more than a violation of state tort law not cognizable under § 1983).  Plaintiff has not; but he will be afforded an opportunity to amend to allege, if possible, that he was arrested and detained without probable cause or other justification.  See, e.g., Lee v. County of Los Angeles, 250 F.3d 668, 684-85 (9th Cir. 2001) (holding that plaintiff stated due process claim for wrongful detention where police allegedly arrested plaintiff's son without probable cause, detained him without verifying that he was the person for whom police had an arrest warrant, despite his obvious mental incapacity, and detained him for one day before extradition hearing, which led to his incarceration in another state for two years).

Plaintiff will also be afforded an opportunity to state a claim under § 1983 for malicious prosecution, which requires that he allege, if possible, that the filing of the charges that were ultimately dismissed was done with malice and without probable cause, and with the intent to deprive him of equal protection of the laws or another specific constitutional right.  See Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (citing Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985) (en banc), and Cline v. Brusett, 661 F.2d 108, 110-12 (9th Cir. 1981)).

|   |   |
|---|---|
| 1 | In order to state a claim for damages, plaintiff also must allege specific |
| 2 | facts showing how each named defendant actually and proximately caused the |
| 3 | deprivation of the constitutional right of which he complains.  See Leer v. |
| 4 | Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Put simply, "[a] plaintiff must allege |
| 5 | facts, not simply conclusions, that show that an individual was personally |
| 6 | involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d |
| 7 | 1193, 1194 (9th Cir. 1998). |

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  6/21/2010

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Urena, M1.dwlta.wpd

3